UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES JONES                                          CIVIL ACTION

VERSUS
                                                     15-449-SDD-EWD

KPAQ INDUSTRIES L.L.C. AND
CLINT ACOSTA

## RULING

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(6)* filed by Defendants, Hood Container of Louisiana, L.L.C. (formerly known as KPAQ Industries, L.L.C.) and Clint Acosta.[1]  Plaintiff, James Jones, has filed an *Opposition*[2] to which the Defendants have filed a *Reply*.[3]  For the following reasons, the Defendants' *Motion* shall be GRANTED IN PART and DENIED IN PART.[4]

### I.    BRIEF FACTUAL AND PROCEDURAL OVERVIEW[5]

James Jones, an African American, brings this lawsuit against his former employer Hood Container of Louisiana, L.L.C. (f/k/a KPAQ Industries, L.L.C.)("Hood Containers")[6] and Clint Acosta ("Acosta"), asserting federal claims arising under the First Amendment, the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, and "18 U.S.C. § 1513 as given effect through 18 U.S.C. § 1962."[7]  After working for thirty years for Hood

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 10.
[3] Rec. Doc. 11.
[4] The Court also considered Defendant's *Reply* brief.  Rec. Doc. 11.
[5] The Court's subject matter jurisdiction is premised upon 28 U.S.C. § 1331.
[6] In their *Motion*, Defendants explain that in "October, 2015, the name of KPAQ Industries, LLC was changed to Hood Container of Louisiana, LLC." Rec. Doc. 8, p. 1, n.1.
[7] Rec. Doc. 1, p. 1, ¶2.

and its predecessor company without any reports of misconduct, Jones claims he was terminated on the basis of his race.[8] According to Jones, he became very ill at work on October 17, 2011 and asked his immediate supervisor, Tony Chaisson, for permission to leave work early on account of his illness.[9] Jones alleges that Chaisson approved his request.[10] The following day, Jones claims that he called his employer and explained that, because he was still ill, he would not be able to report to work.[11] When Jones returned to work on October 21, 2011, he was informed that his employment had been terminated as of October 17, 2011.[12] Jones avers that, when KPAQ hired Clint Acosta, he "began a practice of terminating African American employees and hiring white employees to replace them."[13] Following his termination, Jones claims that he timely filed a charge with the Equal Employment Opportunity Commission ("E.E.O.C.") and received a Right to Sue Letter.[14] On July 9, 2015, Jones filed his *Complaint*.[15] Defendants now seek dismissal of Jones' claims on Rule 12(b)(6) grounds.

## II.    LAW AND ANALYSIS

### A.    Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, 'documents incorporated into

---

[8] Rec. Doc. 1, p. 2, ¶6; p. 3, ¶14.
[9] Rec. Doc. 1, p. 2, ¶8.
[10] Rec. Doc. 1, p. 3, ¶8.
[11] Rec. Doc. 1, p. 3, ¶9.
[12] Rec. Doc. 1, p. 3, ¶10.
[13] Rec. Doc. 1, p. 3, ¶12.
[14] Rec. Doc. 1, p. 4, ¶16.
[15] Rec. Doc. 1.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

32978                                                       2

the complaint by reference, and matters of which a court may take judicial notice.'"[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[19] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[23] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[24] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[25]

---

[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007)).
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (hereinafter *Twombly*).
[20] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
[22] *Id.* (citing *Twombly*, 550 U.S. at 556).
[23] *Id.*
[24] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[25] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. First and Fourteenth Amendment Claims

Jones cannot sue Defendants under the First or Fourteenth Amendments to the United States Constitution. "First Amendment claims can only be maintained against public employers."[26]  Likewise, "[t]he Fourteenth Amendment applies to acts of governmental entities, not to acts of private persons."[27]  Jones has not alleged that the Defendants are governmental actors, or acting in any other capacity than as private employers.  As a result, Jones' First and Fourteenth Amendment claims shall be dismissed with prejudice.

### C. Title VII Claims

In his *Complaint*, Jones has failed to allege when the E.E.O.C. issued his Right to Sue Letter or when he received his Right to Sue Letter.  Instead, Jones makes the conclusory allegation that "[he] filed a timely complaint with the E.E.O.C. and has been recently given a Right to Sue Letter."[28]  Defendants are correct in their recitation of the law that requires a plaintiff alleging employment discrimination under Title VII to file suit within ninety days of receiving his statutory Notice of Right to Sue Letter.[29]  Within the Fifth Circuit, this requirement is "strictly construed."[30]  Based upon the allegations in his *Complaint* as pled, it is unclear if Jones complied with this 90 day filing requirement.

---

[26] *Augurson v. J.P. Morgan Chase*, 2013 WL 328933, *2 (W.D.La. Jan. 29, 2013)(dismissing plaintiff's First Amendment retaliation claim asserted against private employer).  *See also Price v. Lockhead Martin Corp.*, 261 Fed.Appx. 761 (5th Cir. 2008)(affirming district court's dismissal of plaintiff's First and Fourteenth Amendment claims asserted against private employer).
[27] *Mitchell v. Central Bank & Trust*, 49 F.3d 728 (Table), 1995 WL 103356 at *2 (5th Cir. Mar. 1, 1995).  *See also Bradley v. Lockheed Martin Corp.*, 275 F.App'x 396, 397 (5th Cir. 2008); *Price v. Lockhead Martin Corp.*, 261 Fed.Appx. 761 (5th Cir. 2008)(affirming district court's dismissal of plaintiff's First and Fourteenth Amendment claims asserted against private employer).
[28] Rec. Doc. 1, p. 4, ¶16.
[29] 42 U.S.C. § 200e-5(f)(1).  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[30] *Brown v. Bank of America*, 331 Fed.Appx. 284, 285 (5th Cir. 2009).

In his *Opposition*, Jones has requested leave to amend his *Complaint* to cure any defects in his pleadings.[31]  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling to amend in a manner that will avoid dismissal."[32]  Accordingly, Jones shall have 21 days from the date of this *Ruling* to amend his *Complaint* to cure the defects regarding his Right to Sue Letter as outlined above.

Defendants also seek dismissal of Jones' Title VII claims against Acosta because he is not Jones' employer.  Jones has alleged that when Acosta was hired by KPAQ, now Hood Containers, "Acosta began a pattern of terminating African American employees and hiring white employees to replace them."[33] "It is well established that relief under Title VII is only available against an employer, and not against an individual supervisor or fellow employee."[34]  "[W]hile Title VII's definition of the term employer includes 'any agent' of an employer, Congress' purpose was merely to import *respondeat superior* liability into Title VII."[35]  Therefore, to the extent Jones seeks to assert Title VII liability for Acosta's actions, his claim may only be asserted against his employer, Hood Containers, under the doctrine

---

[31] Rec. Doc. 10, p. 4.
[32] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In *Legate v. Livingston*, the Fifth Circuit recently reiterated its position on granting leave: "Rule 15(a) 'requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Legate v. Livingston* , 2016 WL 2909229, *3 (5th Cir. May 18, 2016)(quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)(quoting *Chitmacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).
[33] Rec. Doc. 1, p. 3, ¶12.
[34] *DiLeo v. Lane*, 2014 WL 4726246, *3 (M.D.La. Sept. 23, 2014)(citing *Umoren v. Plano Indep. Sch. Dist.*, 457 F.Appx. 422, 425 (5th Cir. 2012)(quoting *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340, n. 8 (5th Cir. 2003)).  See also *Frazier v. Radio Shack Corp.*, 2012 WL 359716, *3 (M.D.La. Feb. 2, 2012)(quoting *Ackel v. National Communications, Inc.*, 339 F.3d 376, 381, n. 1 (5th Cir. 2003)(citing *Smith v. Amedisys*, 298 F.3d at 228-29 (5th Cir. 2002))("[i]ndividuals are not liable under Title VII in either their individual or official capacities.").
[35] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

of *respondeat superior*. Accordingly, Jones' Title VII claims against Acosta shall be dismissed with prejudice.

### D. Plaintiff's Remaining RICO[36] Claim

Defendants seek dismissal of Jones' remaining claims arising under "18 U.S.C. § 1513 and 18 U.S.C. § 1962."[37] Jones summarily claims that his lawsuit arises under "18 U.S.C. § 1513 as given effect through 18 U.S.C. § 1962."[38] "A civil RICO Act claim under 18 U.S.C. § 1962(a), (b), or (c) involves: '(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'"[39] "'Racketeering activity' means any of the predicate acts in 18 U.S.C. § 1961(1)."[40] Aside from the fact that retaliation against a federal witness, victim, or informant under 18 U.S.C. § 1513 is a "predicate act," Jones' claim fails to support a viable RICO claim against either Defendant.[41] Jones has simply offered no factual allegations, whatsoever, to support any of the necessary elements for his RICO claim. The Court further finds that allowing Jones the opportunity to amend his *Complaint* to remedy these pleading deficiencies would be futile.[42] Accordingly, Jones' claims brought

---

[36] The Racketeer Influenced and Corrupt Organizations Act ("RICO").
[37] Defendants are correct that Jones does not have a private right of action under 18 U.S.C. § 1513. *Mayberry v. Aragor*, 2011 WL 4485775, *6 (N.D.Tex. Sept. 6, 2011)("Section 1513 makes it a felony to retaliate against a federal witness. There is no constitutional right to have someone criminally prosecuted, and a civil action does not permit a private party to enforce criminal statutes.")(internal and external citations omitted). *See also*, *Lucy v. Alabama Dept. of Revenue*, 2013 WL 3008514, *3 (S.D.Ala. June 17, 2013)(citing to other cases reaching similar finding). In this case, it does not appear that Jones has asserted an individual claim under Section 1513. Rather, Jones has asserted a RICO claim premised on 18 U.S.C. § 1513.
[38] Rec. Doc. 1, p. 2, ¶2. Jones does not specifically allege the provisions (i.e., Section 1962 (a), (b), (c), or (d)) upon which he bases his RICO claim.
[39] *Gil Ramirez Group, LLC v. Houston Independent School Dist.*, 2013 WL 3229682, *6 (S.D. Tex. June 25, 2013)(quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)).
[40] *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015).
[41] 18 U.S.C. §1961(1).
[42] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.")(quoting *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

pursuant to 18 U.S.C. § 1513 and as given effect through 18 U.S.C. § 1962 shall be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss Pursuant to Rule 12(b)(6)*[43] filed by Defendants, Hood Container of Louisiana, L.L.C. (formerly known as KPAQ Industries, L.L.C.) and Clint Acosta, is GRANTED IN PART and DENIED IN PART.

The *Motion* is hereby GRANTED as to James Jones' claims brought against Defendants pursuant to the First Amendment, Fourteenth Amendment, and 18 U.S.C. § 1513 as given effect through 18 U.S.C. § 1962.  The *Motion* is further GRANTED as to James Jones' Title VII claims asserted against Clint Acosta.   The foregoing claims are hereby dismissed with prejudice.

The *Motion* is hereby DENIED as to James Jones' Title VII claims brought against Hood Container of Louisiana, L.L.C. (formerly known as KPAQ Industries, L.L.C.).

**IT IS FURTHER ORDERED** that Plaintiff, James Jones, is hereby granted leave to amend his *Complaint* to remedy those deficiencies pertaining to his Title VII claims, specifically his Right to Sue Letter, and any such amendments shall be filed within 21 (twenty-one) days of this *Ruling*.

Signed in Baton Rouge, Louisiana on <u>June 28, 2016.</u>

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[43] Rec. Doc. 8.